Dear Superintendent Fisher,
The Attorney General is in receipt of your request for an Opinion wherein you ask, in effect, the following questions:
1. When the wards of a school district, which are coterminous to thecity wards, are changed by the city to the extent that two members livein the same ward, may both members serve until their terms of officeexpire?
 2. If so, must the one whose term expires first vacate his postwhen his term expires?
 3. If two board members may continue serving in the same ward untiltheir terms expire under the condition of the city's redistricting, mayone who moves within the new ward continue serving, even though his movewould be from one ward to another under the former districting plan?
While your request letter does not so specifically state, it is presumed that the local school board has taken such appropriate action as may be necessary to conform the boundaries of the school district wards to the new boundaries of the city wards, otherwise the concerns raised by your questions would not be presented. The problems raised by the ward boundary changes are similar in nature to those addressed in a prior Attorney General's Opinion No. 70-102. The questions therein were as follows:
 If the legal residences of two members of a board of education residing in the outlying territory of an independent school district in which is located a city with four wards and outlying territory, are annexed into a ward by the city council where another board member resides, may the member first residing in such ward, whose term expires, file for reelection, and, if he is legally elected to the board of education, may he legally serve in that position?
 What is the future status of the other two board members now residing in Ward 2?
Opinion No. 70-102 held that the three members who involuntarily became residents of the same ward due to annexation by the city, could serve until their terms expired. Opinion No. 70-102 relied on a prior Attorney General's opinion dated August 3, 1965. The basic premise of the 1955 opinion was that due to the fact board members, being required to reside in a specific ward in order to qualify for election, were elected by the district voters at large, it could not be said "that a member of the Board of Education in such a district `represents' or is elected `for' the ward, or outlying territory in which he resides." Therefore, the board member affected by annexation had not ceased to be a member of the school district, and would not lose his position as no vacancy had been created. While the 1955 opinion was predicated upon statutory law since amended, the current law contains similar language to the effect that board members are to be elected at large. 70 O.S. 5-107A(D)(2).
The second question in Opinion No. 70-102 directly relates to your second question i.e., the effect of a ward change on the reelection status of the respective board members. According to the 1970 opinion, only the member whose term expired last could run for reelection to the one post allocated for the ward. The opinion cited as authority 70 O.S. 4-7 (1957) which has been superseded, but not altered by 70 O.S. 5-107A(D)(1) and (2) (1972), which reads in part:
 If there is located in an independent school district a city having four or more wards and an outlying area, and such outlying area comprises no more than seven percent (7%) of the population of such independent school district, then such independent school district may adopt such wards and outlying area . . . and at least one member of the board of education of such independent school district shall be a member of each ward."
 One member of the board of education shall be elected by the electors of the school district to represent such district . . . No more than one member shall be a resident of an election district. Emphasis added
In the present case, this restriction would prohibit the members whose term expired first from seeking reelection, since a successful election bid would again place two board members in the same ward.
Addressing your third question which concerns the permissibility of a move by one of the two members within what is now the new ward-school district boundaries but between the two wards under the former districting plan, such a move, in our estimation, would have no effect on the board member's current status. By allowing both members to complete their individual terms, their residential situation within the new ward has been made moot. Territory once identified separately within two wards has merged, making residence anywhere within the new ward legitimate. Again, the individual so moving can only run for reelection if his term is the one which will expire last. The member whose term expires first can wait till the latter member's term expires and then seek reelection for the post, since the post does not become vacant until that time.
It is the opinion of the Attorney General that your questions beanswered as follows:
 1. When the wards of a school district, which are coterminous to thecity wards, are changed by the city to the extent that two members nowlive in the same ward, both members may serve until their terms of officeexpire.
 2. The member whose term expires first must vacate the districtposition and cannot stand for reelection at that time.
 3. If two board members continue serving in the same ward until theirterms expire under the condition of the city's redistricting, a move byone of the two members within the new ward but from one ward to anotherunder the former districting plan will not preclude the member fromserving out the term for which he was elected.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN F. PERCIVAL, ASSISTANT ATTORNEY GENERAL